8842. CITIZENS NATIONAL BANK OF DANVILLE, KY., *v.* FENDER.

BROYLES, P. J. 1. .The admission of the evidence complained of in the 1st, 2d, 3d and 4th grounds of the amendment to the motion for a new trial was not error for any reason assigned. The evidence for the defendant, together with the legal inferences and deductions arising therefrom, was sufficient to authorize a finding by the jury that Alexander and Lowe were the collecting agents of the plaintiff bank in regard to the note, and that the payments made to them in behalf of the defendant should be credited on the note. It is true that the plaintiff's evidence plainly showed that Alexander and Lowe had no authority

from it to accept any payments on the note, but this issue of fact was finally determined by the jury in favor of the defendant.

2. There is no merit in the 5th ground of the amendment to the motion for a new trial, which sets up that the verdict is contrary to law and the evidence for the reason that the jury allowed the defendant credit for the amount of $75, set out in his plea and therein alleged to have been paid by the defendant's son, while there was no evidence in support of this alleged payment. It is true that there was no evidence that the defendant's son made a payment of $75 on the note, but the evidence for the defendant did show that the son made a payment of $100 on the note, and this discrepancy merely as to the amount of the payment did not render the verdict contrary to law and the evidence. It is obvious from the record that this $100 payment, shown by the evidence, was the same payment referred to in the defendant's answer, although therein alleged to have been only $75. The record does not disclose that any objection was made to the admission of the evidence as to this $100 payment, on the ground that it was unauthorized by the pleadings.

3. There is no merit in ground 6 of the amendment to the motion for a new trial, which complains that the jury allowed a credit of $30 on the note, while the evidence shows that this $30 was paid for the use of one of the mules for which the note was given. It does not appear that the jury allowed this amount as a credit on the note.

4. The verdict for $25.50 as principal is not contrary to the pleadings and the evidence for the reason that the defendant in his answer admitted that he was liable for a balance on the note of "something like $39.20." The admission so worded did not of itself render the verdict illegal.

5. The instructions of the court to which exceptions were taken are not, when considered in the light of the entire charge and of the facts in the case, erroneous for any reason assigned.

6. The other grounds of the amendment to the motion for a new trial are without substantial merit.

7. The note sued upon was a renewal note (for the same amount as the original note), in which the title to two mules, for the purchase-price of which the original note was given, was retained. In addition, as further security, the renewal note contained a mortgage upon two other mules. The evidence for the defendant, who could not read or write, was sufficient to authorize a finding that the execution of the renewal note by the defendant (who made his mark thereto) was procured through fraud, and that certain credits made on the original note should be deducted from the amount of the principal of the renewal note. It is true that the plaintiff's evidence showed that no fraud was practiced on the defendant, but the jury settled this question by their verdict.

8. There was some evidence which authorized the verdict; and it having been approved by the trial judge, this court has no authority to interfere.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
DECIDED NOVEMBER 2, 1917.

Complaint; from Colquitt superior court—Judge Thomas. April 6, 1917.

*Hendricks, Mills & Hendricks,* for plaintiff.

*Shipp & Kline, L. L. Moore,* for defendant.